UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAMES PATRICK REEDOM, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )     2:13-cv-00308-JAW |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) |
| | ) |
|     Defendant | ) |

**RECOMMENDED DECISION
RE: MOTION TO DISMISS[1] (ECF No. 13)**

James Patrick Reedom invokes this Court's jurisdiction pursuant to 42 U.S.C. § 405(g) to review a denial of Social Security retirement benefits. Although Reedom alleges in conclusory fashion that he has appealed his case "through all the steps required by the Social Security Administration and they have issued a Final Decision" (Complaint at ¶ A), the Government has provided a declaration that the agency decision was never appealed to an administrative law judge, thus depriving this Court of jurisdiction. Because Reedom's responsive pleading makes absolutely no showing that he has ever appealed any reconsideration determination to an administrative law judge, I recommend that the court dismiss this complaint.

**Discussion**

Reedom filed a brief three-page complaint with this court on August 9, 2013, alleging that the Social Security Administration filed a final decision in his case and failed to properly correct its records to reflect his actual lifetime social security earnings. Reedom believes that he is eligible for early retirement at age 64, but that the Social Security Administration has

---

[1]     The Government's motion alternatively sought to have the matter transferred to the Northern District of Texas where the plaintiff resides. The plaintiff's response gave no indication as to why venue would be proper in the District of Maine. If the Court rejects my recommendation and does not dismiss the case, it would be properly transferred to the Fort Worth, Texas district court pursuant to 42 U.S.C. § 405(g).

deliberately understated his earnings in order to delay his receipt of retirement benefits until age 67. Reedom alleges that he is a resident of Fort Worth, Texas, and in addition to bringing suit against the Administration, names as a defendant the Regional Commissioner for the Dallas, Texas, area. Reedom does not explain what connection the District of Maine has to this litigation. (See Complaint, ECF No. 1.)[2]

Title 42 U.S.C. § 405(g) provides for judicial review only of final decisions of the Commissioner. Sims v. Apfel, 530 U.S. 103, 106-07 (2000); Strong v. Soc. Sec. Admin. Comm'r, 2:10-cv-00427-GZS, 2011 WL 534042, at *3 (Jan. 26, 2011), aff'd, 2011 WL 534048 (D. Me. Feb. 15, 2011). Plaintiff must "plead and prove that []he has exhausted all available administrative remedies and [is] appealing to this court from adverse final agency action." Bourgoin v. Unicredit Grp., 2:11-cv-00120-DBH, ECF No. 4, 2011 WL 2224844, at *2 (May 18, 2011), aff'd, 2-11 WL 2222178 (D. Me. June 7, 2011). Only those decisions of the Commissioner that are "final" are subject to judicial review. 42 U.S.C. § 405(g) ("Any individual, *after any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . .") (emphasis added).

After the Commissioner set forth a straightforward motion to dismiss based upon failing to exhaust administrative remedies, Reedom filed a twenty-page response in which he claims there was a due process violation because the Social Security Administration obtained the records of earnings from the IRS and then "refused to correct them." (Resp. at 3, ECF No. 14.) The responsive pleading does not claim that review was obtained by way of a hearing before an

---

[2] In August 2013, Reedom filed not only the instant action, but also two other cases that appear to be virtually identical to this case. One of those cases, James Patrick Reedom v. Carolyn W. Colvin, 1:13-cv-01619 (D. P.R., Aug. 14, 2013) is publicly available on PACER and is the identical complaint. The other case, James Patrick Reedom v. Carolyn Colvin, 1:13-cv-02305 (D. Md., Aug. 8, 2013) is on PACER, but the complaint is not publicly available.

2

administrative law judge. Accompanying the response are two letter exhibits from the Social Security Administration to Reedom, neither of which is a final agency decision and both of which ask for additional information from Reedom, strongly suggesting that he had not yet exhausted the administrative process. (See ECF Nos. 14-2, 14-3.) Over sixteen pages of Reedom's responsive memorandum appear to have been scanned and copied from some type of manual dealing with litigation against the Government. The memorandum has nothing to do with the issues of administrative exhaustion and proper venue, which are the two basic issues raised by the Government in its motion. Reedom has not shown that this Court has jurisdiction over this complaint.

Based on the foregoing, I recommend that the Court grant the motion to dismiss and dismiss this complaint, without prejudice, for failure to exhaust administrative remedies. Reedom is free to pursue whatever administrative remedies may remain available to him, but he cannot file a complaint in this Court until he can affirmatively show that he has complied with the proper administrative procedure <u>and</u> that the District of Maine is the proper venue for this dispute.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 30, 2013